UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

February 20, 2018

LETTER TO COUNSEL

RE: *Christopher Ray Jaques v. Commissioner, Social Security Administration*; Civil No. SAG-17-265

Dear Counsel:

On January 31, 2017, Plaintiff Christopher Ray Jaques petitioned this Court to review the Social Security Administration's final decision to deny his claim for Disability Insurance Benefits. [ECF No. 1]. I have considered the parties' cross-motions for summary judgment. [ECF Nos. 17, 21]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the Commissioner, and remand the case to the Commissioner for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Mr. Jaques protectively filed his claim for benefits on May 27, 2014, alleging a disability onset date of May 15, 2009. (Tr. 113-16). His claim was denied initially and on reconsideration. (Tr. 53-80). A hearing was held on April 29, 2015, before an Administrative Law Judge ("ALJ"). (Tr. 30-52). Following the hearing, on August 25, 2016, the ALJ determined that Mr. Jaques was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 12-29). The Appeals Council denied Mr. Jaques's request for further review, (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Mr. Jaques suffered from the severe impairments of "Post-Traumatic Stress Disorder (PTSD), panic attacks/anxiety, depression, lumbosacral degenerative disc disease, disturbance of skin sensation, obesity, and obstructive sleep apnea." (Tr. 18). Despite these impairments, the ALJ determined that Mr. Jaques retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except he could perform no more than occasional bending, stooping, and crouching; he had to avoid operating motor vehicles; he had to avoid climbing ladders and scaffolds; he was limited to routine, repetitive tasks; and he had to avoid direct interaction with the general public.

(Tr. 20). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Jaques could perform several jobs existing in significant numbers in the national economy. (Tr. 23-24). Accordingly, the ALJ found that Mr. Jaques was not disabled. (Tr. 24-25).

Mr. Jaques raises several arguments in support of his appeal: (1) that the ALJ's opinion violated *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015) by failing to ascribe RFC restrictions to address Mr. Jaques's moderate limitations in concentration, persistence, or pace; (2) that the ALJ failed to evaluate the effects of Mr. Jaques's daytime somnolence; and (3) that the ALJ failed to explain his assignment of substantial weight to the disability rating by the Department of Veterans Affairs ("VA"), as required by *Bird v. Commissioner of Social Security Administration*, 699 F.3d 337 (4th Cir. 2012). I concur with Mr. Jaques's arguments.

First, in *Mascio*, the United States Court of Appeals for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. 780 F.3d at 638. At step three of the sequential evaluation, the ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings 12.00 *et seq.* pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00. The relevant listings therein consist of: (1) a brief statement describing a subject disorder; (2) "paragraph A criteria," which consists of a set of medical findings; and (3) "paragraph B criteria," which consists of a set of impairment-related functional limitations. *Id.* § 12.00(A). If both the paragraph A criteria and the paragraph B criteria are satisfied, the ALJ will determine that the claimant meets the listed impairment. *Id.*

Paragraph B consists of four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. The ALJ employs the "special technique" to rate a claimant's degree of limitation in each area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. § 404.1620a(c)(2). The ALJ uses a five-point scale to rate a claimant's degree of limitation in the first three areas: none, mild, moderate, marked, or extreme. *Id.* § 404.1620a(c)(4). To satisfy paragraph B, a claimant must exhibit either "marked" limitations in two of the first three areas, or "marked" limitation in one of the first three areas with repeated episodes of decompensation. *See, e.g.*, 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.02. Marked limitations "may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with [the claimant's] ability to function." *Id.* § 12.00(C).

The functional area of "concentration, persistence, or pace refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings." *Id.* § 12.00(C)(3). Social Security regulations do not define limitations in concentration, persistence, or pace "by a specific number of tasks that [a claimant is] unable to complete." *Id.* The regulations, however, offer little guidance on the meaning of "moderate" limitations.

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE—and the corresponding RFC assessment—did not include any mental limitations other than

unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.*

In the instant case, the ALJ found that, Mr. Jaques has "moderate difficulties" in concentration, persistence, or pace "as he had problems with maintaining focus and problems with short-term memory due to both his mental impairments and side effects of medications." (Tr. 19). According to 20 C.F.R. § 404.1520a(c)(2), the rating of "moderate difficulties" is supposed to represent the result of application of the following technique:

> We will rate the degree of your functional limitation based on the extent to which your impairment(s) interferes with your ability to function independently, appropriately, effectively, and on a sustained basis. Thus, we will consider such factors as the quality and level of your overall functional performance, any episodic limitations, the amount of supervision or assistance you require, and the settings in which you are able to function.

20 C.F.R. § 404.1520a(c)(2). Once the technique has been applied, the ALJ is supposed to include the results in the opinion as follows:

> At the administrative law judge hearing and Appeals Council levels, the written decision must incorporate the pertinent findings and conclusions based on the technique. The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section.

20 C.F.R. § 404.1520a(e)(4). The cursory analysis provided by the ALJ in Mr. Jaques's case fails to fulfill these requirements. Without further explanation, I am unable to ascertain whether the ALJ truly believed Mr. Jaques to have moderate difficulties in concentration, persistence, and pace, instead of mild or no difficulties, and how those difficulties restrict his RFC to "routine, repetitive tasks." (Tr. 20). Indeed, the ALJ's analysis entirely fails to address Mr. Jaques's ability to sustain work over an eight-hour workday. The evidence cited in the Commissioner's

brief suggests that, perhaps, a finding of mild or no difficulties might be more appropriate, but does not reconcile the finding of a moderate limitation with a lack of restriction in the RFC assessment. Def. Mot. 7-8. In light of this inadequacy, I must remand the case to the Commissioner for further analysis consistent with the Fourth Circuit's mandate in *Mascio*. On remand, the ALJ should consider the appropriate level of limitation in the area of concentration, persistence, or pace and, if a moderate limitation is again found, should explain the reasons for that finding in order to permit an adequate evaluation of the moderate limitation under the dictates of *Mascio*. In remanding for additional explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Mr. Jaques is not entitled to benefits is correct.

Second, Mr. Jaques contends that the ALJ did not adequately consider his daytime somnolence. Pl. Mot. 6. While the Commissioner suggests that the ALJ accounted for daytime somnolence by prohibiting Mr. Jaques from operating motor vehicles and from climbing ladders and scaffolds, Def. Mot. 11, daytime somnolence could also have a significant impact on Mr. Jaques's ability to sustain concentration, persistence, or pace. Accordingly, in light of the *Mascio* argument above, remand on this issue is also warranted.

Finally, Mr. Jaques argues that the ALJ's evaluation of the VA disability rating decision was deficient. Pl. Mot. 6-8. The ALJ asserted that he gave Mr. Jaques's VA disability rating "substantial weight" as required by *Bird*. However, the ALJ's opinion does not explain why, after giving "substantial weight" to a disability rating finding, in relevant part, 20% disability for cervical radiculopathy in each upper extremity and 100% unemployability, the ALJ concluded that "the appropriate limitations related to the impairments have been incorporated into the [RFC] described above." (Tr. 23). The RFC assessment in this case clearly renders Mr. Jaques employable, and incorporates no limitations to address his use of his upper extremities. On remand, the ALJ should provide a more comprehensive explanation of how his assignment of "substantial weight" to the VA disability rating translates into the RFC assessment he determines.

For the reasons set forth above, Plaintiff's Motion for Summary Judgment [ECF No. 17] is DENIED, and Defendant's Motion for Summary Judgment [ECF No. 21] is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge